## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name ___WILLIAMS    RICHARD    RCW___
      (Last)        (First)       (Initial)

Prisoner Number ___J-39457___

Institutional Address ___p.o. box 950,Folsom,Ca., 95763___

=================================================================

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

RICHARD C. WILLIAMS      )
(Enter the full name of plaintiff in this action.)  )

       vs.        )

M.C.KRAMER,(Warden) et al___ )

_____ )

_____ )

_____ )
(Enter the full name of respondent(s) or jailor in this action) )

**CV 08    1094**

Case No. _____
(To be provided by the clerk of court)

PETITION FOR A WRIT
OF HABEAS CORPUS

**JW**

**(PR)**

=================================================================

Read Comments Carefully Before Filling In

When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS     - 1 -

1   <u>Who to Name as Respondent</u>

2       You must name the person in whose actual custody you are. This usually means the Warden or

3   jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4   you are imprisoned or by whom you were convicted and sentenced. These are not proper

5   respondents.

6       If you are not presently in custody pursuant to the state judgment against which you seek relief

7   but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8   custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9   was entered.

10  <u>A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE</u>

11      1. What sentence are you challenging in this petition?

12        (a)   Name and location of court that imposed sentence (for example; Alameda

13           County Superior Court, Oakland):

14        MONTEREY SUPERIOR COURT    240 Church St.,Rm 305

                                SALINAS,CA., 93906

15        Court                     Location

16        (b)   Case number, if known   SC 940625

17        (c)   Date and terms of sentence   7/05/1995

18        (d)   Are you now in custody serving this term? (Custody means being in jail, on

19           parole or probation, etc.)      Yes  x  No    

20        Where?   SALINAS SUPERIOR COURT

21        Name of Institution:  FOLSOM STATE PRISON 300 Prison Prison rd

22        Address:  P.O. Box 950,Folsom,Ca., 95763

23      2. For what crime were you given this sentence? (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known. If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  BURGLARIES,RECIVINFG STOLEN PROPERTY,STRIKES,PRIORS,PENAL CODE SECTIONS

27  459,496,667(a),b-i,and 1170.12,subd. a-d)

28

3. Did you have any of the following?

Arraignment:                    Yes _____    No _x___

Preliminary Hearing:            Yes _____    No _x___

Motion to Suppress:             Yes _____    No _x___

4. How did you plead?                                    x

Guilty _____    Not Guilty _____    Nolo Contendere _____

Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

Jury _x_    Judge alone_____    Judge alone on a transcript _____

6. Did you testify at your trial?        Yes _____    No _____

7. Did you have an attorney at the following proceedings:

(a)    Arraignment                 Yes _x___    No _____

(b)    Preliminary hearing         Yes _x___    No _____

(c)    Time of plea                Yes _____    No _x___

(d)    Trial                       Yes _x___    No _____

(e)    Sentencing                  Yes _x___    No _____

(f)    Appeal                      Yes _x___    No _____

(g)    Other post-conviction proceeding    Yes _x___    No _x___

8. Did you appeal your conviction?        Yes _x___    No _____

(a)    If you did, to what court(s) did you appeal?

Court of Appeal                 Yes _x___    No _____

Year: _2007___    Result: _denied HC 5656 July 10,2007___

Supreme Court of California     Yes _x___    No _____

Year: _2007___    Result: _SIXTH APPELLANT COURT DENIED_

Any other court                 Yes _x___    No _____

Year: _May-2007_    Result: _Monterey Supt. 5/29/2007,HC5656_

(b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS        - 3 -

1   petition?                                           Yes _____    No _x_

2   (c)   Was there an opinion?                         Yes _____    No _x_

3   (d)   Did you seek permission to file a late appeal under Rule 31(a)?

4                                                       Yes _x_    No_____

5         If you did, give the name of the court and the result:

6         _____

7         _____

8   9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9   this conviction in any court, state or federal?     Yes _x_    No_____

10  [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11  challenged the same conviction you are challenging now and if that petition was denied or dismissed

12  with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13  for an order authorizing the district court to consider this petition. You may not file a second or

14  subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15  U.S.C. §§ 2244(b).]

16  (a)   If you sought relief in any proceeding other than an appeal, answer the following

17        questions for each proceeding. Attach extra paper if you need more space.

18  I.    Name of Court: ____MONETERY SUPERIOR COURT____

19        Type of Proceeding: ____WRIT OF HAB CORPUS PETITION____

20        Grounds raised (Be brief but specific):

21        a. ILLEGAL SENTENCE?/LIBERTY INTEREST RIGHT DENIAL
              DENIAL OF 6th and 14th Amendments rights

22        b. _____

23        c. ____SAME AS ATTACHMENTS____

24        d. ____Exhibits  D, E____

25        Result: DENIED                          Date of Result: May 2007

26  II.   Name of Court. Sixth APPELLATE CORPUS PETITION

27        Type of Proceeding: See Exh. E

28        Grounds raised (Be brief but specific):

1   a._____

2   b._____

3   c._____

4   d._____

5   Result: __DENIED_____Date of Result:_7/10/2007_

               CALIFORNIA SUPREME COURT

6   III.   Name of Court: _____

7   Type of Proceeding: __WRIT OF HABEAS CORPUS PETITION__

8   Grounds raised (Be brief but specific):

           SAME AS ATTACHMENTS OR GROUNDS

9   a._____

10  b._____

11  c._____

12  d._____

13  Result: __DENIED_____Date of Result:_8/3/2007_

14  IV.   Name of Court: _California Supreme Court_

15  Type of Proceeding: _Writ of Habeas Corpus_

16  Grounds raised (Be brief but specific):

17  a._____See Exh H,I,_____

18  b._____

19  c._____

20  d._____

21  Result: _____Date of Result:_x_

22  (b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?

23  Yes _____    No_____

24  Name and location of court: _____N/A_____

25  B. GROUNDS FOR RELIEF

26  State briefly every reason that you believe you are being confined unlawfully. Give facts to

27  support each claim. For example, what legal right or privilege were you denied? What happened?

28  Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

1   need more space.  Answer the same questions for each claim.

2       [Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3   petitions may be dismissed without review on the merits.  28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4   499 U.S. 467,  111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5       Claim One:____petitioner 6th and 14th Amendment right is violated by
    exposure to an illegal sentence ,thereby imposing a longer prison term

6   _____

7       Supporting Facts:_____A sentence is illegal when judgment of incarceration
    does not stems from a court record of admission,jury finding,or a sentence
8   impose beyond a generic conclusion for violatyion of 459.
        The illegal sentence violates due process right and impose an longer
9   prison term.  The decision of the court to impose recidivist application
    is contrary to U.S. v Shepard 125 S.Ct. 1262-1263.
                    Pages 26-33
10  _____

11      Claim Two:_14th Amendment right denied by denial of appeal process
            access to the court for correction of illegal sentence pgs. 33-45
12  _____

13  Supporting Facts:__See pages 33-45_____

14  _____

15  _____

16  _____

17  Claim Three:_____

18  _____

19  Supporting Facts:_____

20  _____

21  _____

22  _____

23      If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25  _____

26  _____

27  _____

28  _____

PET. FOR WRIT OF HAB. CORPUS          - 6 -

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2  are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning

3  of these cases:

4  UNITED STATES vs SHEPARD 125 S.CT. at 1263)(People v Vu,21 CR3d. 844

5  Snellingberger 172 F3d. 1190,1191.

6  _____

7  Do you have an attorney for this petition?              Yes_____    No__x__

8  If you do, give the name and address of your attorney:

9    Not Applicable

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11  this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

12

13  Executed on ____Feb. 10,2008____        *Richard C William*

14              Date                          Signature of Petitioner

15

16

17

18

19

20  (Rev. 6-02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS          - 7 -

TOPIC

Richard C. William, was convicted of burglary in violation of penal Code section 459, under the case decision render in Montery, cited by case no. SC-940625, the court use prior single label plea bargain agreement as recidivist application. The decision to use all prior plea bargain generic label crime as strike violates Mr. Williams rights under the 14th Amendment by dening due process and liberty interest right to an fundamental fair trial by contrary ruling as cited by U.S. vs Shepard 125 S.CT. 1263)(U.S. v Snellingberger, 172 F3d. 1158, and People v Vu 21 CR3d. 844, were a recidivism application cannot be established by a single label conviction. Therefore the court current conviction under the recidivism application do not overcome jury instruction section 2.90, and imposes a longer prison term then the law permits by mandating a 25 years to life sentence be complete prior to eligibility for parole. The sentence is illegal and incorrect.

## Introduction

Richard C. William, petitioner was convicted in Monterey Superior Court under the said case number SC-940625, for acts of Burglaries in violation of California penal code section 459's, with a prison term risk of 2, 4, or 6 years.

The court also found prior bad acts committed under California penal code section 667, subd. (a) for doubling a prison term of 2, 4, 6 years risk to a prison term of 4, 8, 16. The court violated petitioner 6th & 14th Amendment Right by imposing an sentence under recidivist laws application solely base on a generic label prior conviction, without proven guilt by acts of violence or a crime against a person.

Anything other than a generic, inclusive, inadequate record of a prior

conviction is not a sufficient fact to conclude the prior is a recidivist application for the purpose of increasing the current sentence from a maximum of 13 years to a 25 years sentence.

Burglary and Penal code section 667 subd. (a), was conduct committed, in-violation of California penal code section 1192.7(c)(8) and a violent felony within the meaning of Penal Code section 667.5(e)(8).

The court imposed a mitigate term for the violation of 459 base on the attempt by prescribing a mid-term offense penalty for the statute violation.

The court then impose an aggravate maximum 6 years sentence under the California penal code section 459 for counts 1-3.5

The petitioner Richard Carl Williams, contends he was denied his 6th Amendment right when the state court impose a (4)- maximum sentence of 6 years (doubling one) under the California penal code section 459, and (one) 1 years separate maximum sentence under penal code section 496 without establishing any aggravated element for imposing a maximum sentence for the underlying offense.

The facts for aggravated element was never established by admission, within a current element or non aggravate induce plea bargain date 1984, therefore the overwhelming mitigated element stated as following;

(1) petitioner had a job

(2) petitioner was providing for family

---

The court found under count 1-3, California penal code 459

9

These mitigated element would empower this court to only impose a low term or middle term under the California penal code section 459, and low term or middle term under the California penal code section 496,(prison term 6 months or 1 years ,without no aggravating factor established in the record.(see exhibit A, pages 1012-1013)

Under the Cunningham Vs. California (2007) 127 S.Ct. 856) caselaw standard,  Richard Carl Williams, could have only received a maximum prison term of 13 years under the established penal codes, therefore under  penal code sections 1260(a), or 1473.6(a)(10) modification of abstract of judgment is warrant.

The current sentence violates petitioner 5th,6th and 14th Amendments right by imposing a prohibited sentence under a California sentence scheme that increase a sentence of 13 maximum by imposing a 25 years without a jury verdict and petitioner admission.(See exhibit A, pages 1014))

The prejudicial harmful effect is a Longer prison term by imposing a 27 years prison sentence,when the evidence consider by the court only give support to a maximum prison term of 13,years.

The additional 14 years has been imposed inviolation of petitioner 6th and 14th Amendment right to the United States Constitution.  Any and every day force to do over 13 years violates an additional 4th Amendment right by its illegal detainment principle.

The court must conclude the increase sentence was base on insufficient evidence that failed to overcome reasonable doubt stand- ards as is require by Chapman vs California 386 U.S. 18,

Reversal of illegal sentence is require.

( 9 )

PRIMA FACIE STATEMENT

Petitioner's 6th and 14th AMENDMENT RIGHT TO THE UNITED STATES CONSTITUTIONAL LAW WAS VIOLATED BY THE EXPOSURE TO A SENTENCE SCHEME THAT INCREASE's PRISON TERM PUNISHMENT NOT BASE ON A JURY FINDING, NOR FROM A PETITIONER/DEFENDANT ADMISSION, BUT IS SOLELY BASE ON A SINGLE LABEL LISTING ON A JUDICIAL DOCUMENT(CUNNINGHAM VS CALIFORNIA (2007)127 S.CT. 857)(Apprendi vs New Jersey,(2000) 530 U.S. 466(2000)(u.s. VS SNELLIENGBERGER,(2007)480 F3D. 1190)(People vs Covan(2007) 58 Cal Rptr. 3d. 829)

PREJUDICIAL HARM

The petitioner/defendant suffered prejudicial harm by the following

(a)he is force to be confined in prison to a term date that exceed his maximum release date if he was correctly sentenced within the frame work of the statute in which he was convicted under the law.

(b) The factual evidence of the case  was insufficiently established beyond a reasonable doubt that a crime of violence or a crime against a person was committed.

(c)The court insufficiently proved beyond a reasonable doubt the generic label listing penal code(s) statute violation(s)in the original case was a recidivist application for the purpose of increasing the current judgment to be an aggravated term

(d)The court denied curing of a illegal sentence under penal code 1260

(e) Petitioner was exposed to an increase sentenced solely base on sentence structure error

(F) The current sentence is prohibited by Apprendi-Rings,Booker-Blakely and People v. Vu case laws standards, which prohibit the imposition of a term of punishment greater than that authorized by the jury verdict of by admission

In this case the maximum sentence is _____ years, the court impose _____-years illegally by used the high term of ___ , without any evidence given support to the high aggravated term, beyond any admission by the appellant, or beyond a label crime listing.


THE CONSTITUTIONAL ISSUE IS NOT FORFEITED

The 6th and 14th Amendment claim is not forfeited;

The United States Constitutional 6th and 14th Amendment right violation by suffering a illegal sentence increase base on failure to object during trial sentencing proceeding has no merits,(see People v Black 35 Cal 4th _____. In a case in which the trial and sentencing occurred prior to the high court's decision in Blakely, the defendant's sixth Amendment claim is not forfeited on appeal even though he or she did not raise an objection in the trial court. Although a constitutional challenge is now available, that was not available at the time of sentence. A challenges to evidence or procedures normally are forfeited unless timely raised in the trial court, the decision in Blakely changed the law, so unforeseeably that it unreasonable to expect trial counsel to have anticipated the change.(people v Tuner,(1990) 50 Cal.3d. 668,703)

The 6th and 4th Amendment claims to the prohibit illegal sentence scheme was not forfeited. An objection in the trial court is not require, if it would have been futile.(see people v Welch,(1991) 5 Cal. 4th 228,237-238)  Had the defendant requested a jury trial on aggravating circumstance, that request clearly would have been futile, because the Black,Supra case standard ruled over California court.

**INVALID SENTENCE IS NOT TIME BAR**

Imposing an authorized sentence that is base on a lie, false evidence, deceitful facts can be determine to be invalid, a appellate court may correct a invalid sentence that is not authorized by law whenever the error comes to the attention of the court. An unauthorized sentence is not subject to a harmless error, nor does it ripen into a sentence authorized by law with the passage of time. Imposition of an unauthorized sentence is an act which is in excess of a court's jurisdiction and subject to review even after affirmative of the judgment. a unexplained delayed in seeking relief may bar habeas corpus relief ;see In Re Clark,(1993) 5 Cal. 4th 750,765) does not apply to bar the correction of unauthorized sentence.(Birdwell, 58 CR 2d. at 246)

Invalid conviction and sentenced under a invalid statute or using false evidence ,violate a fundamental right to a fair trial in which is prohibited by the United States Constitutional 14th Amendment, or supplemental jurisdiction California Constitutional article 1, section 7(a)) In re Robbinson 18 Cal. 4th at 811-813'.

The petitioner is seeking to set aside a conviction for conduct that he is innocent of, which would not breach, nor repudiate the agreement if one was made .(United States vs Sandoval-Lopez),122 F3d. 797,802)(

The government interest is to secure a just punishment for the violation of the law and its interest that an innocent act not be punish at all. New rule for the conduct of criminal prosecution will be applied retroactively to all state and

12

federal cases pending on direct review or not yet final with no exception is entitle to caselaw or new rule standards application.(see Griffith vs Kentucky 479 U.S. 314,93 L. ed. 2d. 649,107 S.Ct. 708) An unconstitutional law is void, and is as no law. An offense created by it is not a crime. A conviction under it is not merely erroneous, but is illegal and void and cannot be a legal cause of imprisonment.(see EX PARTE SIEBOLD 100 U.S. 371,376-377)(Robbins ,supra. 18 Cal. 4th at 780-781)(In Re Harris,(1993) 5 Cal. 4th 813, at 842)(Clark supra. 5 Cal. 4th at 764-66)(Chambers vs U.S. 22 F3d. at 944).

TABLE OF CONTENDS

                                                                    page

TABLE OF CONTENDS............................................................................................

TABLE OF AUTHORITIES..........................................................................................

Cases...............................................................................................................

Statutes...........................................................................................................

I. STATEMENT OF THE QUESTION(S) PRESENTED FOR REVIEW


II. STATEMENT OF THE CASE...................................    ..

A Nature of the Case...................................................    .

(1) Basis for subject matter(s) in the Court requesting modification of judgment under penal code sections 1260(a) and 1473.6.

(2) Basis for subject matter(s) in the court jurisdiction-penal code section 1473.6 and California Rule of Court 4.551

(3) Judgment is reviewable under Federal and State Statutory language California Penal Code 1473.6,1260(a) and 28 U.S.C. Section 2244-2254(d)(1)-(2).

(4) Appeal was timely filed base on decision of Cunningham vs. California, Barron vs. U.S. by Writ of Habeas Corpus.

(5) Custody Status.

B. PROCEEDINGS AND DISPOSITION IN THE SAID COURT.

III. STATEMENT OF FACTS.
IV. ARGUMENTS.

         (I) THE UPPER TERM SENTENCE VIOLATES THE SIXTH AND FOURTEENTH AMENDMENT UNDER CUNNINGHAM; THE SENTENCE SHOULD BE REDUCED TO THE MIDTERM


         (b) Denial of 14th Amendment right by the aggravating factor in committing a violation of a criminal element on a severely aggravating factor was not charged in the

14

accusation pleading, or submitted to a jury, or found
true by a jury beyond a reasonable doubt
(C )Under direct California Supreme Court authority
and separately on federal double jeopardy grounds, this
court should reduce the sentence to the mid-term because
that is the only permitted result


(II)PETITIONER SEEK WRIT OF HABEAS CORPUS PETITION FOR
RELIEF UNDER THE UNITED STATE 14TH AMENDMENT TO OBTAIN A
PROCEDURE MODIFICATION OF SENTENCE AS IS REQUIRED UNDER
STATUTORY LANGUAGE FOR RELIEF TO THE ILLEGAL RESTRAINT

(III) EXPOSURE TO PREJUDICIAL HARM OR MISCARRIAGE OF
JUSTICE IS CONSTITUTIONAL DENIAL OF FUNDAMENTAL RIGHT TO
A FAIR SENTENCE HEARING, IN VIOLATION OF THE 14TH
AMENDMENT


CONCLUSION

TABLE OF AUTHORITIES

                                                                    page

FEDERAL CASES.

APPRENDI VS NEW JERSEY 530 U.S. 466)(2000)
BARRON VS U.S. 172 F3D. 1153,1158
BLAKELY VS WASHINGTON 542 U.S. 296)(2004)
BOOKER VS U.S. ,543 U.S. 220,(2005)
RING VS ARIZONA, 536 U.S. 584,(2002)
CUNNINGHAM VS CALIFORNIA, 127 S. CT.. 856)(2007)


STATE CASES

PEOPLE VS VU 21 Cal.. Rptr.. 3d. 844(2004)
PEOPLE VS WATTS 32 CAL. RPTR. 3D. 260
PEOPLE VS BUENO 50 CAL. RPTR. 3D. 161,164
People vs Black 35 Cal. 4th 1238)


FEDERAL STATUTORY LANGUAGE;

28 U.S.C SECTION 2244
28 U.S.C SECTION 2244(D)(1)(B)
28 U.S.C. section 2253, et seg.
28 U.S.C. section 2254(d)(1)


STATE STATUTORY

CALIFORNIA PENAL CODE SECTION 667(a)
CALIFORNIA PENAL CODE SECTION 667,5..............
CALIFORNIA PENAL CODE SECTION 1170.12,.................
CALIFORNIA PENAL CODE SECTION  459....
CALIFORNIA PENAL CODE SECTION 496(a)
CALIFORNIA PENAL CODE SECTION 667,B-I...........
CALIFORNIA PENAL CODE SECTION 1260.............
CALIFORNIA PENAL CODE SECTION 1473.6.............


CALIFORNIA CONSTITUTIONAL LAWS

CALIFORNIA CONSTITUTIONAL ARTICLE  1, SECTION 7(A)
CALIFORNIA CONSTITUTIONAL ARTICLE 1, SECTION 15....

UNITED STATES CONSTITUTIONAL 5TH AMENDMENT..........
UNITED STATES CONSTITUTIONAL  6TH AMENDMENT
UNITED STATES CONSTITUTIONAL 14TH AMENDMENT

STATEMENT OF THE QUESTION PRESENTED FOR REVIEW;

I.

WHETHER IN THE CASE NUMBER SC-940625, Richard Carl
Williams, SIXTH AMENDMENT RIGHTS    VIOLATED BY MONTEREY
SUPERIOR COURT IMPOSING A JUDGMENT OF 6 YEARS FOR THE
VIOLATION OF 459-(burglary) PROVISION, BEYOND ADMITTING TO
AGGRAVATED ELEMENT WAS AN ILLEGAL SENTENCE

II.

WHETHER A MAXIMUM SENTENCE FOR THE VIOLATION OF CALIFORNIA
PENAL CODE SECTION 496(A) FOR THREE YEARS VIOLATES THE
CUNNINGHAM VS CALIFORNIA (2007) 127 S. T. 856 CASELAW
STANDARD.

III.

WHETHER MORE FAVORABLE RESULT WOULD HAVE OCCURRED HAD IT
NOT BEEN FOR THE SENTENCE ERROR AND DOES THIS CONSTITUTE
CORRECTION OF COURT MISCARRIAGE OF JUSTICE UNDER THE
CUNNINGHAM CASELAW STANDARD.

IV.

whether prejudicial harm is suffered when a conviction
under recidivist law is ... prejudicial harm when increase
sentence is base on evidence not overcoming reasonble
doubt under the standards of case law Chapman vs California
386 U.S. 18,)(People v Holt,(1997) 15 Cal.4th.619,667)

/ 18\

**A. NATURE OF THE CASE;**

The great writ under California Penal code section 1473.6-1505 is better known as a writ of Habeas Corpus Petition, the said statutes is also recognized under federal statutes 28 U.S.C. section 2254.

These statutory language provisions are used to contest an illegal sentence, or unconstitutional judgment of confinement, (see 28 U.S.C. section 2253)(Penal code section 1473.6,) and deprivation of established liberty interest right asserted by Supreme Court precedent case laws decision.

California Penal Code section 459 imposes a punishment half of the full contents of burglary 2, 4 and 6 years, making BURGLARY , as a three level sentence scheme punishment for the violation of penal code 459 state statutory language.

The specific language read as following:

1.) PENAL CODE :459 Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, out house or other building, tent, vessel, as define in section 21 of the harbors and navigation code, floating home, as defined in subdivision (d) of section 18075.5 of the health and safety code, , railroad car, locked or sealed cargo  container , whether or not mounted on a vehicle, trailer coach, as defined in section 635 of the vehicle code and house car. as defined in section 243 of the vehicle code , vehicle as defined by the vehicle code, when the door are locked aircraft as defined by section 21012 of the public Utilities CODE, OR MINE OR ANY UNDERGROUND PORTION thereof, with intent to commit grand or petit larceny or any felony I s guilty of burglary. As used in this chapter, occupied 'means currently being used for dwelling purposes if, at the time of the burglary, it was not occupied solely because a natural or other disaster caused the occupants to leave the premises.

2.) PENAL CODE 461
     Burglary is punishable as follows;
     Burglary in the first degree by imprisonment in the state prison for two, four ,or six years

( 19 )

. burglary in the second degree by imprisonment in the county jail not exceeding one year or in the state prison.

3.) PENAL CODE. section 496
Receiving or concealing stolen property; duty of swap meet vendor or personal property dealer or collector to make reasonable inquiry; action for damages; attempts

4.) PENAL CODE section 496

(a)  Plea bargaining in any case in which the indictment or information charges any serious felony, any felony in which it is alleged that a firearm was personally used by the defendant or any offense of driving while under the influence of alcohol drugs, narcotic, or any other intoxicating substance or any combination thereof is prohibited unless there is insufficient evidence to prove the people's case or testimony of a material witness cannot be obtained, or a reduction or dismissal would not result in a substantial change in sentence. (b) As used in this section plea bargain means any bargaining, negotiation, or discussion between a criminal defendant, or his or her counsel and a prosecuting attorney or judge, whereby the defendant agrees to plead guilty or nolo contendere in exchange for any promises, commitments concessions, assurances, or consideration by the prosecuting attorney or judge relating to any change against the defendant or the sentencing of the defendant (C-18 first degree burglary)

One or more committed offense guarantee low term or middle term if there is no aggravating factor been found true committed by a jury or admitted too by the defendant. (see exhibit A, CT p. 1011-1014)

There the California sentence scheme impose a sentence under the California penal code 654 section, a sentence that reflects a maximum aggravation punishment not stemming from a jury verdict or the petitioner Richard Carl Williams, admission, in having committed a aggravated act in the alleged crime conduct. Without such established aggravated factor, the maximum

/ר๓\

sentence that can be impose is 13 years and the lessor term of 11 years.

As the sentence conviction for the violation of penal code section 459, and 496 now stand, for the prison term of 25-years, the current sentence exceed the maximum punishment by 12 to 14 years.(see exhibit A, page 1011-1115)

The illegal restrained is unconstitutional and constitutional prohibited by the 6th and 14th amendments.

The writ of Habeas Corpus petition is designed to cure, correct, reverse, remand or set aside judgment where statutory, constitutional and contrary ruling or practice has been committed against established protective rights.

The court can void that statutory language that has been deem prohibited by the United state Constitutional 6th Amendment and Cunningham vs. California,(2007) 127 S. CT. 856)(DAR-1/23/2007, page 103) 549 U.S. ____, decision in ruling that the California sentence scheme violated 6th Amendment right by imposing a sentence not submitted too or found true by a jury.

**THE BASIS OF JURISDICTION FOR THIS COURT**

The basis for jurisdiction in this case is voiding the maximum statutory punishment where there has not been a established aggravating element under California Penal Code section 459 or 496(subd. (a), (1)when imposing a maximum 25 years sentence.

The sentence impose is an structural defect that is reversible per se and not harmless.

( 21 )

*(1).* Denial curing of a illegal sentence violates liberty interest right prohibited restraint, in which is prohibited by the United States Constitutional 5th and 14th Amendment right is denial of fundamental right to a fundamental fair trial as being constitutional defect that is reversible per se and not harmless error.

*(2)* Right to being factually and actually innocent in violating a statutory language that warrant a aggravated term of 12 years**(double)** solely base on a judges finding the crime was committed with sophistication-professionalism-considerable money loss, adult conviction are numerous and increasingly serious and probation parole were unsatisfactorily are asserted right under the Sixth Amendment requesting to cure a statutory and constitutional illegal sentence impose in-violation of right asserted under liberty interest clause or Cunningham vs California (2006) 127 S.Ct. 856 case law standards.(see exhibit A CT, p.1011, lines 6 -28) .

The listed above factor give this court jurisdiction to correct aggravated factor in the illegal restraint and unconstitutional confinement ,even if its determination to be one day over the maximum legal sentence time period allowed by law.

THE JUDGMENT IS REVIEWABLE

The judgment is reviewable for the determination was a plea induce to an aggravating element, or the court was correct in the United State Supreme Court decision in the Cunningham vs California 549 U.S. ____(2007) 127 S. CT. 856, that California

(22)

sentence scheme violated a petitioner Sixth Amendment Right by imposing a sentence beyond a jury verdict or beyond admission. This would mean for this court imposed a maximum 25 years for 3-burglary's, (crime/felony)a aggravated element occurred that would warrant the court to impose a maximum term of 6 years for each count.(see exhibit A, pages. 1011, lines )

Since the petitioner only pleaded to the statutory language 459 and 496 violations under the California Penal Code 1192. , this in itself do not reflect sophisticated, professionalism, planning, or poor prior probation aggravate element for a maximum sentence of 25 years under penal code sections 459 and 496 ..

**THE NOTICE OF FILING A WRIT**

The notice of filing a writ of habeas corpus petition has been asserted within one year after the decision of the United States Supreme Court determination in Cunningham vs. California 549 U.S. ___, 127 S. CT. 856 (2007), case support the determination a defendant fifth, Sixth and fourteenth Amendment rights is violated by the California Court imposing a sentence that is beyond a jury verdict or petitioner admission.  The decision has related injury effects.

**CUSTODY STATUS**

Richard Carl Williams, remain in the custody of the state prison system of California Department of Corrections and Rehabilitation facility, at 300 prison Road, Folsom, California 95763

**STATEMENT OF THE CASE**

(23)

the statutory language violation without no aggravating circumstance admitted too, or found to be true in the Monterey Superior Court SC-9406225. The highest prison term possible for Petitioner to served without no aggravated factor is four years for the violation of **CALIFORNIA PENAL CODE SECTION 459**

COUNT FIVE, <u>WAS PRESCRIBED FOR 6 YEARS, AND DOUBLE UNDER</u> <u>THE CALIFORNIA PENAL CODE SECTION 667(A),FOR A TOTAL PRISON TERM</u> <u>OF 12 YEARS,</u> COUNT 1, WAS FOR 6 YEARS UNDER PENAL CODE 459, STAY ALL BUT 1,4 MONTHS TO BE RUN CONSECUTIVE TO COUNT 5, COUNT 2, WAS FOR 6 YEARS TO BE RUN CONSECUTIVE TO COUNT 5, ALL BUT 1.4, YEARS ARE STAY FOR THE VIOLATION OF 459, COUNT 3, WAS FOR THE VIOLATION OF 459,A 6 YEARS TERM, ALL BUT 1,4 MONTH ARE STAY, COUNT 4, WAS FOR PENAL CODE 496 FOR A TERM OF 3 YEARS ALL BUT 8 MONTH IS STAY BASE ON THE COMPLETION OF COUNT 5,. The petitioner then received one penal code 667(a) five year prison term for march 2,1994 conviction, one year for march 04,19982 for the violation of penal code 667.5, and one year for January 14th 1988 1-years conviction and one years 4 months for the conviction under penal code 667.5 for the conviction under the case number MCR 9120 is COUNT OF criminal conduct, MAKING A TOTAL OF 25 YEARS.(see exhibit A,pgs. CT-10101-014)

The U.S. Supreme Court held that the DSL, by placing sentence elevating fact finding within the judge's province, violates a defendant's right to trial by jury safeguarded by the Sixth and Fourteenth Amendments. Any fact that exposes a defendant to a greater potential sentence must be found by a

(24)

jury, not a judge, established beyond a reasonable doubt, not merely be a preponderance of the evidence, or admitted too by Petitioner.    Petitioner never admitted to a aggravated element.

For this court to impose the highest term permitted under California penal code section 459, or 496),the Court would have had to discovered aggravating factor, and in this case there was none or at least none express on the record.(see Exhibit A, CT. p. 1011-1015, lines 1-5)

The court imposed the highest term permitted under California Penal Code section 459, the court would have had to again discovered some severe aggravated fact the would permit the high term increase sentence under the single underlying offense statute, but again in this case there was no discovery of express in the record.(see exhibit A, CT. p. 1011, lines 1-16)

It is now settle that the Sixth Amendment prohibits states from imposing sentences beyond statutory maximum on the basis of facts no tried to a jury or admitted by the defendant.

California's determine sentence law runs afoul of this clear proscription when the court imposed a maximum sentence of 25 years under the violation of California penal code section 459, when the low term of imprisonment was 2, and the mid-term of imprisonment was 4-year, solely base on admission in the record by Richard Carl Williams, admitting to violation of penal code section 459(a).(see EXHIBIT A, CT. p. 1014).(exhibit B, p.2,line 19,(9/26/1999)

Therefore the current sentence in prohibited by the Sixth Amendment in which prohibit states from imposing sentence beyond statutory maximum on the basis of facts not tried to a jury or admitted too by the defendant.

The defendant would not have plead to a 25, years prison term had he known he could only received a maximum term of 13 years or a low term of 11 years.

Modification of sentence is necessary in this case to correct a prison term illegal sentence base on the new controlling caselaw Cunningham vs. California 127 S. CT.. 856.

I.

THE UPPER TERM SENTENCE VIOLATES THE SIXTH AND
FOURTEENTH AMENDMENT UNDER CUNNINGHAM; THE SENTENCE
SHOULD BE REDUCED TO THE MIDTERM

The Standard For Review;

The standard for review are set by the caselaw; Cunningham vs California) (Apprendi vs New Jew Jersey, 530 U.S. 466) (200) (Ring vs Arizona, 536 U.S. 584) (2002) Blakely vs Washington, 542 U.S. 296) (2004) United states vs Booker, 543 U.S. 220) (2005), if not state cases) (People vs Vu, 21 Cal. Rptr. 3d. 844 (2004).

On April 04-08,2005, The Monterey Superior Court Sentenced, Mr. Richard Carl Williams to four maximum upper term of 6 years for burglary. (see exhibit A, CT. pages 1014-1015

The court explained that imposing the upper term because of the following facts;

SUPPORTING CASES:

The upper term sentence violates the Sixth Amendment and Fourteenth amendment under the Cunningham vs California (2007) 127 S.Ct. 856, caselaw standard.(see exhibit C,page 1-2)

Under the United States Supreme Court opinion in Cunningham vs California 127 S.Ct. 856 )(05-6551, (Jan. 22, 2007)(549 U.S.___) (2007)(U.S. 1324)(abrogating) People vs Black 35 Cal. 4th 1238),this court sentence violated the Sixth Amendment jury trial guarantee and fourteenth Amendment requirement of proof beyond a reasonable doubt, for aggravating factors used to support an upper-term sentence.(see exhibit A, pages 1013-1014)(exhibit C, page 1-2)

As Cunningham held, the decision was a direct application of the bright line rule of **Blakely vs Washington**,(2004) 542 U.S. 296,)(**Apprendi vs New Jersey**,(2000) 530 U.S. 446)(U.S. vs **Booker**, 543 U.S. 220)(**Rings vs Arizona**, 536 U./S. 584)(2002)( and **People vs Vu**,(2004) 21 Cal. Rptr. 3d. 844), to California upper terms.

Based on settled California Supreme Court and Federal Constitutional authorities, this Court should reduce the upper-term sentence to a mid term with no remand. In the alternative, the judgment 25 years should be vacated and the cause remanded for the sentence imposed of 11 to 13, years.

**Cunningham vs California**,(2007) 127 S. Ct. 856),is a straight forward application of Blakely vs Wasington,(2004) 542 U.S. 296)(and the bright-line rule of Apprendi vs New Jersey,(2000) 530 U.S. 466;(Rings vs Arizona, 536 U.S. 584)(People vs Bueno,(2006) 50 Cal. Rptr. 161, at 165;.

Except for a prior conviction, any fact that increase the penal code for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond the prescribed statutory maximum on the basis of beyond a reasonable doubt.(see Cunningham 127 S.Ct. 856)(2007) (U.S. Lexis 1324, pp. 35-36, emphasis added,(quoting Apprendi, at p. 498)(see also id. at pp. ____)(2007 U.S. Lexis 1324, pp. pp. 40 Fn. 14)'(same rule, also quoting Apprendi).(see exhibit A, CT, pages 1011, lines 8 16)

The bright-line rule was explained in Apprendi with specific reference to the Sixth and Fourteenth Amendments,. Under the due process clause of the Sixth Amendment, and facts,(Other than prior conviction) that increase the maximum penalty for a crime must be charged in a indictment.(or information) submitted to a jury, and proven beyond a reasonable doubt.(id. at p. 476)(quoting Jones vs United States,(1999) 526 U.S. 227,243)(,fn. 6)(as Blakely recapitulated.

This reflects two longstanding tenants of common-law criminal jurisprudence that the truth of every accusation against a defendant should afterwards be confirmed by the unanimous suffrage of twelve of his equal and neighbors and that and that an accusation which lacks any particular fact which the law makes essential to the punishment is… no accusation in reason. (Blakely, 542 U.S. at p.p. 301-302)(Citation ommitted).(see exhibit A, CT, page 1011, lines 4-16)

Every facts which is legally essential to the punishment must be charged in the indictment and proved to a jury. (id. at p. fn. 5) (Citation omitted)

In Cunningham, the United States Supreme Court held that California sentencing rules require that California sentencing rules require that the mid-term shall be imposed unless circumstance in aggravation or mitigation are found, so an upper term cannot be imposed without extra facts beyond those necessarily found by the jury's verdict or admitted too. As a result, Cunningham vs California held, the Blakely prescribed statutory maximum is the mid-term the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant—so facts used to support a sentence above the mid-term are subject to the Sixth Amendment and Fourteenth Amendment standard under Apprendi and Blakely. (Cunningham 127 S. CT. at pp. 856, (2007) U.S. Lexis 1324, at pp. 26-27) (35-36) (,40 fn. 44).

Cunningham held that should be the end of the matter. (id, at p. (2007) U.S. Lexis 1324; at, p. 36) (quoting Blakely 542 U.S. at p. 323).

But it then went on to analyze the California Supreme Court's assumptions in People vs Black, 35 Cal 4th 1238, 1260-65) and found that each violated Appendi's bright line rule, Cunningham at p. ____ (2007_ U.S. Lexis 1324, at pp. 39-40) and that People vs Black misunderstood prior U.S. Supreme Court precedent in its erroneous belief that there was no bright line

rule on this issue. (Cunningham, at p. (2007) U.S. Lexis 1324 at p. 40)

Accordingly, Cunningham held that the Sixth Amendment and Fourteenth Amendment requirements of a jury trial and proof beyond a reasonable doubt for the upper term aggravating factors.((other than a prior conviction apply directly to California's sentencing scheme which the U.S. Supreme Court invalidated in Blakely, and to the mandatory federal guidelines invalidated in Booker. (Cunningham, 547 U.S. ___)(127 S. Ct. 856).

Mr. Richard Carl Williams, was not accorded these federal constitutional right as guarantee by the Fifth,Sixth and fourteenth Amendment by being sentence to a greater term than mid-term under the California penal code section 459 and 496 provision,(one maximum sentence and four six years maximum sentence).(see exhibit A,CT 1011, line 8)(CT 1015,)

Here, the court impose the upper term for reason in addition to Mr. Richard Carl Williams, current statutory label conduct., and because of label crime prior(s), this is not a subject for the purpose of aggravating the controlling offense were the court found the middle or lowest term to be correctly impose.

Because the finding was not attended by procedural safeguards,( critical component of the amenable doubt would have concluded that a greater element would have been committed by an underlying factor.(see exhibit A, CT. page 1011, lines 8-16)

(b)DENIAL OF 14TH AMENDMENT RIGHT BY THE AGGRAVATING FACTOR IN COMMITTING A VIOLATION OF A CRIMINAL ELEMENT ON A SEVERELY AGGRAVATING FACTOR WAS NOT CHARGED IN THE ACCUSATION PLEADING, OR SUBMITTED TO A JURY ,OR FOUND TRUE BY A JURY BEYOND A REASONABLE DOUBT.

Therefore Richard Carl Williams, Sixth Amendment right prohibits states from imposing sentence beyond statutory maximum on the basis of facts not tried to a jury ,or admitted by the defendant.

The California Penal Code States, when a judgment of imprisonment is to be imposed and the statute specifics three possible terms the court terms the court shall order imposition of the middle term unless there are circumstance in aggravation or mitigation of the crime.(Penal Code 1170(b). A fact cannot constitute of the crime of conviction that is, something beyond the jury verdict or admitted sentence, the court may not consider any fact that is an essential elements of the crime of conviction-that is, something beyond the jury verdict or admitted too. (See Black, supra, 113 P. 3d. 534, 538 (Cal. 2005)(Imposing the upper term sentence, the court may not consider any fact that is an essential element of the crime itself.

This aggravating factor was not charged in the accusatory pleading, or submitted to a jury or found true by a jury beyond a reasonable doubt.(SEE EXHIBIT B, CT. P. 2, line 19)

Petitioner upper-term sentence of 25 years under the penal code sections statutory language 459 AND 496 violates the Sixth and Fourteenth Amendments principles of Apprendi and Blakely as

(31)

believed it was correct imposing a maximum 25 year sentence under the penal code section 459 and 496 provision.

This court must conclude the current sentence exposes Petitioner to illegal confinement in the amount of 14 years beyond a maximum legal detainment by maintaining a 25 years sentence judgment, when the court was only permitted by law to impose a 11 to 13 years sentence.

The court current sentence as it stands violates Petitioner United States Constitutional 14th Amendment and supplemental California Constitutional article 1, sec. 7(a) right to a fair sentence hearing.

The only curing of the illegal sentence, defective sentence is a remand back to the lower court and modified the judgement to it's correct term of 13 years.

But for the prejudicial harm by imposing a sentence beyond the statutory maximum in a judicial proceeding a more favorable result would have occurred.

(31)

## REASONS FOR GRANTING THE PETITION

## PETITIONER 14TH AMENDMENT RIGHT ARE DEPRIVED BY DENIAL ACCESS TO THE COURT FOR CORRECTION OF ILLEGAL SENTENCE

Section 104 of the Antiterrorism and Effective Death Penalty Act, (AEDPA-1996)(Pub. L. 104,132, 110, Stat. 1214)(codified in revenant part at 28 U.S.C.Section 2254(d)(1) violates the separation of power doctrine and in unconstitutional section 2254(d)(constitute a severe congressional incursion on the federal judicial power. Which ands exclusively in the federal courts. It does so in two principle ways first, by prohibiting the federal court from applying the ordinary principle of stare decisis deciding habeas corpus case involving prisoners held in state custody, thereby interfering with the federal courts normal adjudicator process and second by requiring federal court to give effect to incorrect state conviction and sentence error ruling that in the federal court independent judgment would be corrected after reviewing the unconstitutional violation.

Such a congressional breach of the federal judiciary's integrity and independence of its duty to maintain the Supremacy of the constitutional and indeed of the constitutional structure itself should not go uncheck by any federal court.

The violation of multiple state and federal statutory right are prohibitive to be excluded from review of the Supreme Court under the great writ act of 28 U.S.C. § 1641, or review by United State Supreme Court section 28 U.S.C. Section 1651).

28 U.S.C. section 2254(d)(1) prescribes an unconstitutional standard of review for federal court adjudication of habeas corpus petition alleging that the petitioner's state custody is

in violation of the constitutional or laws or treaties of the United States 28 U.S.C. section 2254(a), it provide;

(d) as application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that adjudicated on the merit in state court proceedings unless the adjudication of the state claim. (1) resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law, as determined by the United States Supreme Court.

The statute seem to deviate from the language in AEDPA-1996 habeas jurisprudence on two key ways.

First whereas previously federal court could rely on the jurisprudence of the courts of appeal to determine whether the state court decision was in violation of federal law after AEDPA they are limited to clearly established law as determined by the Supreme Court.(see William v Taylor 529 U.S. 362,412(2000)) (28 U.S.C. § 2254(d)(1), restrict the source of clearly established law to the federal court jurisprudence.

Secondly, federal court may no longer grant habeas corpus petition relief in cases in which the state court judgment clearly violated federal law unless the state court's erroneous ruling was also objectively unreasonable.(see William, 529 U.S. 529 U.S. at 409-410).

An unreasonable application of federal law is different from an incorrect application of federal law.(Supra. 529 U.S. at 411).

A prior ruling to the existing law made the following a prior AEDPA, stated a state court's incorrect legal determination had never been allowed to stand because. it was unreasonable.

The federal court has always held it made no different to how the court succumb to the illegal ruling, when the subject matter reach the federal court independent obligation to say what the law said, implied, mean or is was ruled accordingly.(see Wright v West, 505 U.S. 277, 305 (1992).

Changes imposed by the legislator made severe restriction on habeas corpus relief submitted by petitioners or by prison's ability to secure federal relief from state detention that violates the Constitutional right of the United States Cited under the 4th 6th and 14th Amendments.

A fundamental breach in statutory laws provision application for the curing of defect, illegal sentence, illegal conviction, or reversing a judgement established upon actual or factual innocent by the fundamental breach of the separation of power-an known unconstitutional intrusion by congress into the federal judiciary independent and exclusive duty to say what the law is. (See Marbury v Madison 5 U.S. 137,177)(1803)

The doctrine of separation of power is at the heart of the constitutional. (See Buckley v Valeo, 424 U.S. 1, 119 (1976).

Framer of the constitutional laws considered the division of governmental power into separate department a vital check against Tyranny at 121,a self executing safeguard against the encroachment glorify of one branch at the expense of the other. (Id. 122)

While the constitutional law contain check and balance to temper all three branches, the framer were particularly wary of the tendency of the legislature to usurp the

other branches power especially that of the judiciary. (see Met Wash Airport Auth. Vs Citizen for the Abatement of Aircraft Noise Inc. 501 U.S. 252, 273-274 (1991). (Department ambition v the right of normal people.)

The sense of a sharp necessary to separate the legislative from the judicial power, trumped among the framer of the new federal constitutional. As such the constitutional vests the judicial power fully and unconstitutionally in the judicial department U.S.. constitutional Article III, section 1.

The Supreme Court has developed the contours of this judicial power setting the boundaries between congress and the judiciary essential to maintaining Article III's "vital" check against improper usage. (see Marbury v Madison 5 U.S. 137, 177).

The province and duty of the judicial department to say what the law is, (see 5 U.S. (1 Cranch at 177).

The federal courts are charged with interpreting the constitutional and ensuring that the statutory law is consistent with it. A determination that is in the words of Chief Justice John Marshall, the very essence of judicial duty. (Id. at 178).

Because the duty to say what the law(s) is, the federal court has made plain that Congress may not interfere with the federal courts independent process of adjudication and interpretation. (See U.S. v. Klein, 80 US 128 (1871). Even in this case the court struck down the interpretation of pardon of a president.

The court held that this statute passed the limit which separate the legislative from the judicial power by prescribing a rule of decision, which limited the court's independent adjudication, in doing so the court acknowledged that congress could have denied it jurisdiction over the appeal process entirely, pursuant to its authority to make exceptional

and regulation to the court's Appellate jurisdiction. (id. at 145-147) (See also, U.S. Const. Art. III §2.) Once it had granted jurisdiction, congress could not then dictate to the court how to exercise it judicial power. (See Klien, 80 US at 147).

The crucial distinction between withholding jurisdiction altogether and granting jurisdiction but restricting its full and independent exercise has been reiterated time and again since Klien; See e.g., Guiterrez de Martinez v. Lamagno, 515 US 417, 430 (1995).

Congress is permitted to establish compensation scheme that operates without court jurisdiction participation... but that matter is quite different from instruction a court automatically to enter a judgment pursuant to a decision the court has no authority to evaluate. (See Yakus v. U.S., 321 US 414, 468 (1944).

It is one thing for congress to withhold jurisdiction. It is entirely another to confer it and direct that it be exercised in a manner inconsistent with constitutional requirements.

Whenever the judicial power is called into play, it is responsible directly to the fundamental law and no other authority can intervene to force or authorize the judicial body to disregard it.

There is no halfway position in constitutional cases, so long as it is directed to decide the case, An article III court cannot be jurisdictional shut off from full consideration of the substantive constitutional issue.

A state court's incorrect legal determination has never been allowed to stand because it was reasonable. *We all*

The federal court has an independent obligation to say what the law is.

A necessary implication of the constitutional prohibition on congressional tinkering with the manner of judicial decision making is that congress may not eliminate wholesale any tool of judicial reasoning from the judicial toolbox.

Courts in common law systems have develop a panoply of tools to guide them in the interpretive process, among them inferring rules from text or structure, reasoning from analogy and applying rules precedent constitutional interpretation. No one tool takes precedence in any situation and in any given case several of the tools may work in tension with one another. A critical aspect of judicial reasoning is thus determining which tool most appropriately governs a particular case, or better stated which tool affords the most effective process of judicial analysis.

Such a determination is inherently bound up with the power to say what the law is and cannot therefore be assumed by any person or institution outside United States Constitutional Article III.

The Supreme Court has held that congress may neither require federal court to reopen final judgment. (See Plaut, 514 US 211) No substitute its own interpretation of a constitutional right for that already articulated by the Supreme Court. (See City of Boerne v. Flores, 521 US 507 (1997)(leave effective the laws in place).

The essential functions of the article III judicial power as delineated by the Supreme Court over the past two centuries are as follows: (1) The federal judiciary has the ultimate authority to interpret the constitution; (2) Congress need not grant the federal courts jurisdiction over any particular class of cases; (3) The federal judiciary is duty bound to maintain the supremacy of the constitutional and thus a federal court cannot be

required to give effect to any law be it a federal statute or a state court decision that in the court's independent judgment, violates the constitution.

United States Constitutional Code section 28 USC 2254 (d)(1) violates these fundamental attributes of the judicial power, granted exclusively to the federal judiciary in Article III, in two principal ways. First in dictating that federal court may grant habeas relief only in cases in which the state proceeding violated clearly established law as determined by the Supreme Court. (2254 (d)(1), prescribes a rule of decision. A limitation on the federal courts independent adjudicatory process-akin to the statute invalidated in Klien. The rule of decision prescribed in AEDPA 1996, is more egregious than that of Klien because it effectively suspends the ordinary doctrine of stare decisis in the federal courts adjudication of habeas corpus cases. Second (28 USC 2254 (d)(1) violates Article III, by requiring federal courts to deter to, and thereby give effect to, decision of state court that the federal courts interpret as violating the constitutional.

Both congressionally imposed rules pose a serious threat to the integrity of our nation's separation of power neither can be tolerated. Plainly stated section 2254 (d)(1) restrict habeas corpus relief only to prisoner whose state proceedings violated clearly established law that was determined by the Supreme Court prevents federal courts from exercising their independent judgment to say what the law is. It is for that reason alone, unconstitutional congress might be able, if chose too, to deny at least the lower federal courts jurisdiction over habeas corpus cases arising from state conviction. (See U. S. Constitution Article III, §2).

Even at this level the denial of review is contrary to prisoners right to habeas corpus petition cited by the United States Constitution 14th Amendment, affording state

prisoners a constitutional right to federal review of constitutional claims in the lower federal court. Congress may not consistent with the constitution separation of power, dictate to the federal court how to adjudicate those cases. Section 28 USC 2254(d)(1) does exactly that by requiring federal courts to ignore not only the precedent of other circuits, which may be persuasive to the case at hand, but also the normally binding precedent at their own circuit in determining whether a habeas corpus petitioner is in custody in violation of the Constitutional or laws or treaties of the United States. (See 28 USC 2254(a)). In other words, 28 USC 2254 (d)(1) prohibits the application of the normal rules of 28 USC 2241 (c)(2); 28 USC 2253; 28 USC 1641; 28 USC 1651, or the stare dedisis, a central tool of judicial decision making to the federal exercising habeas corpus jurisdiction.

The perverse result is that some of the most universal constitutional principles might never become clearly established law at determined by the Supreme Court and thus their violations may never warrant habeas corpus relief under §2254(d)(1).

Congress's grant of habeas corpus jurisdiction to the federal courts in such cases is nothing but a hollow promise.

Section 2254(d)(1) violates article III yet further by requiring the federal courts independent judgment violate the constitution.

It does so in two ways. First as explained above a federal court may not grant habeas corpus relief under AEDPA unless the Supreme Court has clearly articulated the governing constitutional rule.

Thus a federal court is required under AEDPA to uphold a state court proceeding that it determines violated the constitution if that determines violates the constitutional if that determination is based upon circuit and not Supreme Court precedent.

Second, even where the federal court determination of a constitutional violation as based upon clearly established Supreme Court precedent, the court is required, nevertheless to uphold the state court's unlawful action if the state court's ruling was an objectively reasonable application of the Supreme Court's constitutional interpretation. The Federal Court must give effect to state court incorrect application of federal constitutional law as long as those applications are not objectively unreasonable.

In the case of William 529 US 362, the case law states the federal court is not restricted in the power to interpret the law, but only stated that obligation is render when there is a misapplication of federal constitutional laws, requires federal habeas corpus relief. (See Creter, 491 F.3d at 1128).

When an individual in state custody seeks a writ of habeas corpus the essence of his or her claim is not only that his or her constitutional or other federal rights have been violated. It is that his or her custody is in violation of that right. (See 28 USC § 2254 (a); Preiser v. Rodruguez, 411 US 475, 484 (1973).

The essence of habeas corpus is an attack by a person in custody upon the legality of that custody.

It is the constitutional right itself that forms the basis of the illegal detainment claim. In habeas corpus cases, in contrast, it is the right not to be held in custody in violation of the statutory or constitution or have eligibility of parole prolong under an illegal sentence that lies at the core of the petition. Where a petitioner asserts the violation

of a constitutional right indeed even one so fundamental as the right to be free from unreasonable detainment, unreasonable seizure of rights, even when this right did not in itself violate petitioner right it is at the core of federal court denial or review by writ of habeas corpus petition. (See Powell, 428 US 465, 494.)

It is with this view the petitioner states the court constitutional duty as prescribed by Article III judges must say what the law is and to maintain the Supreme Court supremacy of founding document.

This court must declare the AEDPA of 1996, to be what it is an unconstitutional infringement on the judicial power to denied Jackie Don White writ of habeas corpus petition from being review by the federal court, which Article III grants entirely and exclusively to the federal court under 28 USC 2254 (a); 28 USC 2241 (c)(2); 28 USC 2253; 28 USC 1651; 28 USC 1641; Federal Rules of Criminal Procedure §35.

The statutory language declare in its dictation that correction of a sentence on remand is defined by the court shall correct a sentence that is determined on appeal under 18 USC 3742 to have been imposed in violation of law, to have been imposed as a result of an incorrect application of the sentencing guidelines or to be unreasonable, upon remand of the case to the court; (1) for imposition of a sentencing in accord with the finding of the court of appeals or (2) for further sentencing proceedings if, after such proceedings the court determines that the original sentence was incorrect.

The petitioner's case would satisfy the established legal statutory, constitutional provision in which would permit the petitioner entry in this court.

The petitioner has alleged that he suffered an illegal and unconstitutional sentence under the statutory language of murder in violation of California penal code section 187,

192 provisions. When the state has established case law that stated when accomplish is killed by victim, the murder cannot be place on the accomplish survived or co-defendant. But in this case the court imposed an illegal sentence by making a judgment of guilt to the very statutes prohibiting the court finding.

The petitioner has also stated that he was prohibited in presenting the one issue to the court solely base on ineffective assistance of trial counsel and appeal counsel, and after suffering the denial of federal constitutional right he sought relief to exhaust the very issue in the state and federal court.

What is at the core of the said petition, before this court, is the question would this court permit contrary ruling to violate constitutional rights established under the 14th Amendment, or a contrary sentence is prohibit to be imposed when the victim kills an accomplish, and the court in error find the co-defendant guilt of murder in violation of California penal code section 187, 192 under a lesser burden of proof standard.

The court case law languages set in place a co-defendant cannot be accused of murdering his accomplish when death occurred by the victim. But in this case Jackie White, the conviction was permitted to stand finding his guilty of killing Mr. Gray, when death occurred by Byrd shooting the victim to death in the neck as he was drawing heroin in a syringe.

The conviction and sentence as it now stands violates the petitioner 14th Amendment by denial of a fundamental right to a fair trial process or procedure. The act that further aggravate the denial of constitutional right is the illegal sentence in violation of 14th Amendment rights by imposing a longer prison term or prolong eligibility for

parole beyond the statutory maximum if properly convicted and sentence under a correct term.

44

## CONCLUSION

This courts duty in this case is to insure that the ground rules that require legislatures (as well as prosecutors and judges) to respect defendant Sixth Amendment rights remain in place.

The petitioner ask this court to protect his Sixth Amendment right and protect his individual liberty and to move toward correction of the illegal sentence that exceed the maximum legal punishment by _12_ years or as the court may deem

For the forgoing reason, he decision of the court should be reversal, remand, reconsider, modify the current sentence to it's correct term of _11-13_years. (See Exhibit A, pages 1004-1006

Date:

RESPECTFULLY SUBMITTED,

_pro se litigant_

(45)